UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARTHUR JONES III,

    Applicant,

v.                                  CASE NO. 8:16-cv-3101-T-23AAS

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Jones was ordered (Doc. 5) to show cause why his application under Section 2254 is not time-barred. The earlier order explains the requirements for showing entitlement either to equitable tolling of the limitation or to actual innocence. In response (Doc. 7) Jones asserts entitlement to equitable tolling based on his retained counsel's allowing the federal one-year limitation to expire before filing a tolling motion in the state courts.

Jones represents that, several months after the mandate issued on his direct appeal, his family hired an attorney both to pursue post-conviction relief in the state courts under Rule 3.850 and to file the post-conviction motion before the federal one-year limitation expired. Jones states (1) that "280 days later [he] ask[ed counsel] why he had not filed the 3.850 motion" and (2) that "[c]ounsel promised the Petitioner that he would file the 3.850 motion before the one year time period expires." (Doc. 7 at 2) Jones asserts that counsel "waited until one day before the

two year time limit to file the 3.850" motion in state court, which delay allowed the federal one-year limitation to expire. (*Id.*)

The one-year limitation established in Section 2244(d) is not jurisdictional and, as a consequence, "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). *See Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003). Jones must meet both requirements, and he controls the first requirement — due diligence — but not the second requirement — extraordinary circumstances. The failure to meet either requirement precludes equitable tolling. "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence,'" *Holland*, 560 U.S. at 653 (internal quotations and citations omitted), and an applicant's "lack of diligence precludes equity's operation." 544 U.S. at 419. To satisfy the second requirement, Jones must show extraordinary circumstances both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). See cases collected in *Harper v. Ercole*, 648 F.3d 132, 137 (2nd Cir. 2011) ("To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline.").

An attorney's negligence in calculating a filing deadline is inadequate to begin equitable tolling. As *Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015), *cert. denied*, 137 S. Ct. 830, 197 L. Ed. 2d 72 (2017), explains:

> Run-of-the-mill claims of excusable neglect by an attorney, "such as a simple miscalculation that leads a lawyer to miss a filing deadline," do not constitute the kind of "extraordinary circumstance" that is necessary to merit equitable tolling. *Holland*, 560 U.S. at 651–52, 130 S. Ct. at 2564 (quotation marks omitted). Indeed, this court has recently held that attorney negligence, however egregious, will never qualify as an "extraordinary circumstance" unless the negligence rises to the level of actual or effective abandonment of the client. *Cadet*, 742 F.3d at 481.

Jones argues that his attorney's failure to file a post-conviction proceeding before the federal one-year limitation expired was "attorney misconduct," was "dishonest," and was an "abandon[ment of] his duty that he was hired to do." (Doc. 7 at 3) Other than the failure to toll the limitation, Jones alleges no factual basis for his use of the terms "misconduct," "dishonesty," or "abandonment." Moreover, counsel's failure to file a state post-conviction proceeding before the federal limitation expired was not abandonment within the meaning of *Holland* and *Maples v. Thomas*, 132 S. Ct. 912 (2012). Based on the alleged facts, counsel's action is instead properly classified as negligence, or at most, gross negligence, as *Cadet v. Florida Dep't of Corrs.*, 853 F.3d 1216, 1237 (11th Cir. 2017), explains:

> What we hold today, and all that we hold, is that an attorney's negligence, even gross negligence, or misunderstanding about the law is not by itself a serious instance of attorney misconduct for equitable tolling purposes, even though it does violate the ABA model rules as all, or virtually all, attorney negligence

> does. *See Luna*, 784 F.3d at 647 (explaining why negligently miscalculating a filing deadline alone is not and cannot be a sufficient basis for finding attorney misconduct for tolling purposes). Because Cadet has shown, at most, that his failure to meet the filing deadline was the product of his attorney's good faith but negligent or grossly negligent misunderstanding of the law, the district court properly dismissed the habeas petition as untimely.

As a consequence, Jones fails to show entitlement to equitable tolling.

Accordingly, the application for the writ of habeas corpus is **DISMISSED** as time-barred. The clerk must enter a judgment against Jones and close this case.

ORDERED in Tampa, Florida, on June 7, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE